**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RANDALL ROSADO-PAGÁN<br><br>**Plaintiff**<br><br>v.<br><br>CONSEJO DE UNIONES DE<br>TRABAJADORES, et al.<br><br>**Defendants** | **CIVIL NO.** 20-1654 (RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, District Judge

On November 20, 2020, Third-Party Defendant Luis A. Ayala Colón & Sucres., Inc. ("LAC" or "Third-Party Defendant") filed a *Notice of Removal* seeking to remove the present case to Federal Court under 28 U.S.C. § 1441(a). (Docket No. 1 at 6). Currently pending before the Court is Plaintiff Randall Rosado-Pagán's ("Plaintiff" or "Rosado") *Motion for Remand*. (Docket No. 8). Having reviewed the parties' submissions in support and opposition, the Court **GRANTS** Plaintiff's *Motion for Remand* at Docket No. 8 because third-party defendants cannot remove actions from state court under 28 U.S.C. § 1441(a).

---

[1] Natasha Ramos-Ayala, a rising third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

## I.   BACKGROUND

On May 3, 2019, Plaintiff sued Consejo de Uniones de Trabajadores de Muelles y Ramas Anexas de Puerto Rico UTM-ILA-AFL-CIO (UTM) Local ILA 1740 ("UTM") in state court alleging disability discrimination under the Employment of Persons with Disabilities Act, Law No. 44 of July 2, 1985 ("Law 44"), P.R. Laws Ann. tit. 1 §§ 501-511b; the Puerto Rico Anti-discrimination in Employment Act, Law No. 100 of June 30, 1959, ("Law 100"), P.R. Laws Ann. tit. 29 §146; the American Disabilities Act ("ADA"), 42 U.S.C. § 12101; and Puerto Rico's Constitution. (Docket No. 13-1 at 12). Plaintiff asserts he has suffered from disabilities since birth that "hinde[r] his learning abilities and some motor functions. However, he has the general skills necessary to perform general basic tasks." Id. at 1. He was employed as a union worker for UTM since 2017 and was assigned work through the calls procedure/hiring hall referral system, whereby UTM chooses the union workers who will work on the assigned ships and shifts. Id. at ¶¶ 3-4. Plaintiff further claims that after 2019, his workload has reduced significantly, and he has not been selected to work despite answering calls from UTM. Id. at ¶ 7-8. Plaintiff therefore argues that UTM is discriminating against him because of his disability. Id. at ¶ 10.

On May 3, 2019, Plaintiff filed a *Request for Preliminary and Permanent Injunction and Declaratory Judgment and Damages* seeking

to compel UTM to assign him "equally compared work" according to
the "call," reasonable accommodation, and any other remedy
provided by law. (Docket No. 8-2 at 1-2). On May 20, 2019, the
Court of First Instance held a preliminary injunction hearing and
granted the remedies. Id. at 2. UTM appealed and on August 30,
2019, the Puerto Rico Court of Appeals affirmed the lower court's
ruling. Id. at 9.[2]

Subsequently, on October 5, 2020, UTM filed a *Third-Party
Complaint* for defendants SSA SAN JUAN, INC. ("SSA") and LAC.
(Docket No. 13-3 at 5). On November 20, 2020, *Third-Party
Defendant* LAC filed a *Notice of Removal* to remove the case to
Federal Court under 28 U.S.C. § 1441(a). (Docket No. 1). LAC argues
the Court has original jurisdiction over the complaint pursuant to
Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §
185(a) ("LMRA"). Id. at 4-6. It also maintains that the claims in
the "original complaint filed in the State Court are inescapably
intertwined with the provisions regarding the hiring system of the
Collective Bargaining Agreement[]" ("CBA") and thus removable
pursuant to the LMRA. Id. at 6.

On December 20, 2020, Plaintiff filed a *Motion for
Remand* asking this Court to return the case to state court. (Docket

---

[2] The Puerto Rico Court of Appeals held that "the cause of action invoked by
the appellee is not labor union discrimination but rather employment
discrimination under the local legal system: the Constitution of the
Commonwealth of Puerto Rico, the Persons with Disabilities Act, Act 100, under
which local courts have concurrent jurisdiction." (Docket No. 8-2 at 8).

No. 8). Therein, Rosado asserts that his cause of action is exclusively founded on Puerto Rico's anti-discrimination statutes and the ADA. Id. at 9. He posits that because his discrimination claims "are independent from any contractual right under the CBA […] "it is not necessary to 'substantially interpret' the CBA" to resolve them. Id. at 10.

In response, LAC filed an *Opposition to Motion for Remand* contending that all of Plaintiff's claims come from rights provided by the CBA given that union members cannot be referred work if not for said CBA. (Docket No. 11 at 3).

## II. LEGAL STANDARD

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). The United States Supreme Court has held that "the phrase 'the defendant or the defendants' [in] § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim[,]" *i.e.* a third-party counterclaim defendant. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1748, reh'g denied, 140 S. Ct. 17 (2019) (emphasis added).

For a district court to have original jurisdiction over a removed action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

When removal is questioned, "the removing party bears the burden of showing that removal is proper." Id. (citation omitted). See also Sea World, LLC v. Seafarers, Inc., 191 F. Supp. 3d 167, 169 (D.P.R. 2016) ("[r]emoval statutes are strictly construed ... and defendants have the burden of showing the federal court's jurisdiction.")(quoting Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999)). Due to this burden and federalism concerns that arise when considering removal jurisdiction, "ambiguity as to the source of the law […] ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). See also Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chem. Yabucoa, Inc., 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.")

### III. ANALYSIS

**Third-party defendant** LAC is seeking removal pursuant 28 U.S.C § 1441(a). (Docket No. 1). However, Congress **"did not intend**

**to allow all defendants an unqualified right to remove.**" <u>Home
Depot</u>, 139 S. Ct. at 1749 (emphasis added).

     LAC contends that <u>Home Depot</u> does not apply because it has
been "brought to defend directly from the allegation of the
original complaint and to respond directly to the original
plaintiff." (Docket No. 1 at 2). However, even before <u>Home Depot</u>,!
"[t]he majority of courts that have considered the issue have held
that third-party defendants are not entitled to remove an action
under § 1441." <u>Bank of New York Mellon v. Cioffi</u>, 2016 WL 3962818,
at *5 (D. Mass. 2016) (collecting cases). *See also* <u>Fleet Bank-NH
v. Engeleiter</u>, 753 F. Supp. 417, 419 (D.N.H. 1991); <u>Coren by
Jefferson v. Cardoza</u>, 139 F.R.D. 561, 564 (D. Mass. 1991).
Subsequently, courts have continued to "appl[y] this principle to
other third-party claims as well." <u>Williamson v. Cestaro</u>, 2021 WL
2075727, at *2 (E.D.N.Y. 2021) (collecting cases).

     In <u>Williamson v. Cestaro</u>, third-party counterclaim defendants
removed the case pursuant to 28 U.S.C. § 1441(a), asserting that
federal jurisdiction existed under Section 301(a) of the LMRA. <u>Id.</u>
at *1. The court remanded the case concluding that "Section 1441(a)
does not contemplate removal by third-party defendants (i.e.,
defendants who were not named in the original complaint)." <u>Id.</u> at
*2. Similarly, the Southern District of New York rejected a third-
party defendant's "attempts to complicate a straightforward
inquiry" by arguing that they "are the real party-in-interest to

the operative pleading and thus should be permitted to remove the case under § 1441(a)." Broad Coverage Serv. v. Oriska Ins. Co., 2021 WL 930458, at *2 (S.D.N.Y. Mar. 11, 2021). Instead, the court found "the Third-Party Defendants **were not defendants to the original action, and thus they are not 'defendants' who can seek removal under § 1441(a)**." Id.

Given that LAC is not an original defendant in this case, it cannot seek removal pursuant to 28 U.S.C § 1441(a). Lastly, LAC has not shown there is complete preemption of Plaintiff's claims to warrant removal.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion For Remand* at Docket No. 8 is **GRANTED**.  This case shall be remanded to the Puerto Rico Court of First Instance, San Juan Superior Part, case number SJ2019CV04409. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 22nd day of July 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge